# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LONNIE DWAYNE PAYNE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:09-CV-774-CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court upon the motion of Lonnie Dwayne Payne to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On December 6, 2002, movant was convicted by a jury of possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and interstate transportation of a firearm by a felon, in violation of 18 U.S.C. § 922(g). Movant was sentenced on September 25, 2003. The United States Court of Appeals for the Eighth Circuit affirmed the conviction and sentence. United States v. Payne, No. 03-3476 (August 5, 2004).

The Court's records show that movant previously brought a motion for relief under 28 U.S.C. § 2255, which this Court denied on the merits on May 15, 2008. See Payne v. United States, No. 4:06-CV-673-CAS (E.D.Mo). The Eighth Circuit denied movant's application for a certificate of appealability and dismissed the appeal. Payne v. United States, No. 08-2514 (Aug. 20, 2008).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information. Title 28 U.S.C. § 2244(b)(3)(A)

provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Because movant did not obtain permission from the Eighth Circuit Court of Appeals to maintain the instant § 2255 motion in this Court, the Court lacks authority to grant movant the relief he seeks. Rather than dismiss this action, the Court will deny movant relief, without prejudice, and transfer the motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631. See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997); Coleman v. United States, 106 F.3d 339 (10th Cir. 1997); Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant did not obtain permission from the court of appeals to bring the motion in this Court. See 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of July, 2009.